IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CLAYTON E. YOUNG, #330828 | * | |
| Petitioner, | | |
| v. | * | CIVIL ACTION NO. RWT-06-3077 |
| WARDEN KATHLEEN GREEN | * | |
| Respondent. | | |
| | *** | |

**MEMORANDUM OPINION**

On November 21, 2006, Clayton Young, an inmate confined at the Poplar Hill Pre-Release Unit in Westover, Maryland, filed a 28 U.S.C. § 2241 habeas corpus petition. Petitioner seeks his immediate release, claiming that he is serving time on a sentence that was already served. (Paper No. 1). He claims that he filed a petition for writ of habeas corpus in the Circuit Court for Somerset County on August 8, 2006. Subsequently, Petitioner claims Maryland Circuit Court Judge Daniel Long issued a show cause order; although the State of Maryland has allegedly failed to respond, Judge Long has taken no action to issue the writ. Because he appears indigent, Petitioner's Motion to Proceed In Forma Pauperis shall be granted. For reasons to follow, however, the matter shall be dismissed without prejudice.

A habeas corpus petition, with its concomitant requirement of the exhaustion of state court remedies, is the exclusive means for a person "in custody" to attack the fact or duration of his confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 489-490, 500 (1973). A Maryland inmate claiming an entitlement to an immediate release can seek relief directly from the state courts by: (1) filing a petition for writ of habeas corpus in a Circuit Court; (2) appealing a decision by the Circuit

Court to the Court of Special Appeals;[1] and (3) seeking *certiorari* to the Court of Appeals from a decision by the Court of Special Appeals.

Petitioner does not contend that a state remedy is unavailable for his claims and a review of the cause of action reveals that he has not fully exhausted his remedies as to this issue. According to Petitioner, his habeas corpus petition was filed in August of 2006, and remains pending before the Circuit Court for Somerset County. Therefore, this action must be dismissed for the failure to exhaust available state court remedies. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 490-91 (1973). A separate Order follows.


Date: 11/29/06                                   /s/
                                          ROGER W. TITUS
                                          UNITED STATES DISTRICT JUDGE

---

[1] Although at one time this Court interpreted Maryland law as not permitting appeal of a Circuit Court decision denying habeas corpus relief except in very limited circumstances, *see Chavis v. Smith*, 834 F. Supp. 153, 158 (D. Md. 1993), later decisions by the Court of Appeals Maryland have made it clear that there is a right of appeal in cases where state habeas corpus relief has been sought challenging the calculation of sentences and/or diminution credits. *See Frost v. State*, 336 Md. 125, 132 n.5 (1994); *Merritt v. Corcoran*, 105 Md. App. 109, 111 (1995).